PEARSON, J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT D. ROPER, | ) | |
| | ) | CASE NO. 4:19CV02061 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| MR. JOHNSON, *et al.*, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 1, 3, and 4] |
| | ) | |
| | ) | |

*Pro se* Plaintiff Robert Roper ("Roper") is a state prisoner presently incarcerated at the Ohio State Penitentiary ("OSP"). ECF No. 1 at PageID #: 2. He brings this action pursuant to 42 U.S.C. § 1983 against defendants Correctional Officer Johnson ("Johnson") and Institutional Inspector Wolfe ("Wolfe"). *Id.* at PageID #: 3. Roper's motion for appointment of counsel (ECF No. 3) is denied and his motion to introduce documents in support of his Complaint (ECF No. 4) is granted.

For the reasons that follow, this action is dismissed.

## I. Background

According to the Complaint, Johnson and his partner, Cashon (who is not a defendant in his action), searched Plaintiff's cell at OSP on April 23, 2019 at 9:40 a.m. ECF No. 1 at PageID #: 3. When Plaintiff returned to his cell, he discovered that his toothbrushes were discolored and smelled like bodily fluids, his clothes were covered in shampoo and salt and pepper, and his boxers had been wiped in his hair grease. *Id.* Plaintiff notified Lt. Santa about this incident. *Id.* Later that day, Johnson stopped by Plaintiff's cell and allegedly yelled "I don't feel bad for

rapists." *Id.* at PageID #: 4.  Roper alleges that Johnson's statement "put a target" on him and subjected him to violent acts and harassment from other inmates.  *Id.*  Plaintiff filed an informal complaint with Mr. Remisa, unit manager, and Defendant Wolfe filed a complaint on the institutional record, but ignored his request for a grievance "for a week," then ignored new claims in favor of focusing on prior complaints, thus allegedly hindering Roper in the grievance process.  *Id.*

Roper claims that Johnson searched his cell again on March 23, 2019 and April 26, 2019, and items went missing and the contents of his cell were disturbed.  *Id.* at PageID #: 4-5.  He claims that Johnson "had intentions to search his cell every time he left."  *Id.* at PageID #: 5.  Plaintiff grieved the missing items, which Johnson denied taking.  *Id.* at PageID #: 4-5.  Roper filed another grievance on May 5, 2019 and included his complaint that Johnson had told other inmates on the block that he was a rapist.  *Id.* at PageID #: 5.  Wolfe discussed Roper's grievance with Plaintiff on May 13, 2019.  *Id.* at PageID #: 5-6.  Plaintiff claims that during this discussion, Johnson searched his cell again and took legal mail and a fan, which Johnson denied regarding the mail but claimed the fan was contraband.  *Id.* at PageID #: 6.  According to the Complaint, Wolfe attempted to discourage Roper's grievances by "dragging out the process."  *Id.*  Plaintiff claims that he filed a grievance on May 20, 2019, which Wolfe denied because Plaintiff had not correctly filed his complaint and rejecting Plaintiff's claims.  *Id.*  Roper states that Johnson's harassment caused him to seek medical help due to complications of high blood pressure triggered by the stress of Johnson's daily harassment.  *Id.*

Roper claims that Defendants' actions constitute cruel and unusual punishment. For relief, Plaintiff seeks a declaration that Defendants violated his rights under the United States Constitution and seeks punitive damages in the amount of five million dollars against each defendant. ECF No. 1-1 at PageID #: 9; ECF No. 1 at PageID #: 7.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citation omitted). Federal district courts are expressly required under 28 U.S.C. §§ 1915(e)(2)(B) to screen and dismiss before service any in forma pauperis civil action, and any complaint in which a prisoner seeks redress from governmental officers and employees, that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. To survive a dismissal for failure to state a claim, a *pro se* "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under § 1915(e)(2)(B)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III. Discussion

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Salehpour v. Univ. of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998) (internal quotations and citations omitted).  Even assuming the truth of Roper's allegations and liberally construing the Complaint, he fails to allege a plausible § 1983 claim.

To plausibly allege an Eighth Amendment claim for cruel and unusual punishment, an inmate must show that he has been deprived "of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  Harsh and restrictive prison conditions, alone, are insufficient to state a claim because such conditions "are part of the penalty that criminal offenders pay for their offenses against society." *Id.*; *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." (internal quotation marks and citations omitted)).

### A. Defendant Johnson

Plaintiff alleges that Johnson searched his cell and destroyed his personal property to harass him, constituting cruel and unusual punishment.  This claim fails.  Cell searches are a critical part of prison security and prisoners do not have a protected liberty interest to be free from searches of their cells.  *Wiley v. Kentucky Dep't of Corr.*, No. CIV. A. 11-97-HRW, 2012 WL 5878678, at *11 (E.D. Ky. Nov. 21, 2012) (citing among authority *Hudson v. Palmer*, 468

U.S. 517 (1984)).  Nor do prisoners have a legitimate expectation of privacy under the Fourth

Amendment.  "[T]he Fourth Amendment's proscription against unreasonable searches does not

apply within the confines of the prison cell." _Hudson_, 468 U.S. at 526.

To establish a pattern of harassment with respect to cell searches sufficient to implicate

the Eighth Amendment, "a prisoner faces a high hurdle." _Wiley_, 2012 WL 5878678, at *12.  In

_Johnson v. Dellatifa_, the prisoner alleged that the defendant:

> continuously bangs and kicks Johnson's cell door, throws his food trays through
> the bottom slot of his cell door so hard that the top flies off, makes aggravating
> remarks to him, makes insulting remarks about his hair being too long, growls and
> snarls through his window, smears his window to prevent him from seeing out of
> it, behaves in a racially prejudicial manner toward him and jerks and pulls him
> unnecessarily hard when escorting him from his cell. Johnson contends that
> Stasewish knows that he suffers from hypertension and intentionally harasses him
> in an attempt to cause him to suffer a heart attack, stroke or nervous breakdown.

_Johnson v. Dellatifa_, 357 F.3d 539, 545 (6th Cir. 2004).  The Sixth Circuit rejected the prisoner's

argument that the prison official's conduct violated the Eighth Amendment because even if the

prisoner's allegations were true, the prison official's "shameful and utterly unprofessional

behavior" was insufficient to establish an Eighth Amendment violation given that the harassment

Johnson described does not "constitute the type of infliction of pain that the Eighth Amendment

prohibits." _Id_. at 546 (internal citations omitted).

The pattern of behavior alleged by Plaintiff against Johnson, even if true, is insufficient to

constitute cruel and unusual punishment under the Eighth Amendment.  _See Wiley_, 2012 WL

5878678, at *12 (prisoner's allegation that prison official searched his cell to harass him, not to

maintain security, fails to state a plausible claim for cruel and unusual punishment under the

Eighth Amendment) (citing _Johnson_, 357 F.3d at 545-46).

To the extent that Plaintiff is alleging that Johnson placed him at substantial risk of serious harm by disclosing to other inmates that he had been convicted of rape, Roper fails to state a plausible claim. Even liberally construed, the Court cannot infer that Johnson knew Plaintiff was at substantial risk of serious harm because he was a rapist and disregarded that risk, or that Johnson was aware of any injuries or other consequences to Plaintiff as a result of his statement from which he may have inferred that Roper was at risk of harm. *See Bason v. Stover, No. 1:19-CV-1627, 2019 WL 7282093, at \*4 (N.D. Ohio Dec. 27, 2019)* (plaintiff does not allege that defendants were aware of any facts from which they may have inferred that plaintiff was at substantial risk of serious harm as a result of disclosure that he was gay/transgender).

Accordingly, Plaintiff fails to state a plausible § 1983 claim against Johnson and that claim is dismissed pursuant to § 1915(e)(2)(B).

**B. Defendant Wolfe**

Plaintiff's allegations against Wolfe, in sum, are that Wolfe failed to properly investigate and resolve his grievances against Johnson. A prison inmate, however, does not have a constitutional right to an effective prison grievance procedure. *Young v. Gundy, 30 F. App'x 568, 569-70 (6th Cir. 2002)* (citations omitted). Wolfe was not obligated to respond to Roper's grievances in a manner that was satisfactory to Plaintiff. *See Overholt v. Unibase Data Entry, Inc., 221 F.3d 1335 (Table) (6th Cir. 2000)* ("The defendants were not obligated to 'properly' respond to Overholt's grievances because there is no inherent constitutional right to an effective prison grievance procedure.") (citation omitted). Prison officials whose only role involves the denial of an administrative grievance or failure to remedy alleged unconstitutional behavior

cannot be liable under § 1983, *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), and does not rise to the level of "encouragement" that would make a prison official liable for the alleged unconstitutional behavior of others, *Knop v. Johnson*, 977 F.2d 996, 1014 (6th Cir. 1992).

Accordingly, Plaintiff fails to state a plausible § 1983 claim against Wolfe, and that claim is dismissed pursuant to § 1915(e)(2)(B).

### IV.  Conclusion

For all of the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  Roper's motion to introduce evidence to the Court is granted.  ECF No. 4. Roper's motion for appointment of counsel is moot and denied as such.  ECF No. 3.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


 January 15, 2020                                  */s/ Benita Y. Pearson*
Date                                                      Benita Y. Pearson
                                                            United States District Judge